UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| MARK KENDALL ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-62-GNS |
| ) | |
| MARLET, INC. a Tennessee Corporation, ) | |
| and MARLET, INC., A Georgia Corporation, ) | |
| ) | |
| **Defendants.** ) | |

### NOTICE OF REMOVAL

Defendants Marlet, Inc., a Tennessee Corporation ("**Marlet-TN**") and Marlet, Inc., a Georgia Corporation ("**Marlet-GA**" and collectively with Marlet-TN, the "**Defendants**"), pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), hereby remove this action from the Circuit Court of Warren County, Kentucky to the United States District Court for the Western District of Kentucky, Bowling Green Division, based on diversity jurisdiction under 28 U.S.C. § 1332. In support of removal, the Defendants state:

**I.     PROCEDURAL BACKGROUND AND RELEVANT FACTS**

1.     On or about April 19, 2018, a civil action was commenced in the Circuit Court of Warren County, Kentucky, by the filing of a Complaint captioned *Mark Kendall vs. Marlet, Inc., a Tennessee Corporation and Marlet, Inc., a Georgia Corporation*, Case No. 18-CI-00588, Division I (the "**Complaint**").

2.     In the Complaint, Plaintiff Mark Kendall ("**Plaintiff**") alleges claims for: (1) a declaratory judgment that Plaintiff has not breached a stock purchase agreement (the "**Contract**")

between the parties; (2) breach of contract; and (3) conversion. *See* Complaint, ¶¶ 11 - 21. The Complaint fails to attach the Contract and incompletely cites the forum selection clause therein, creating the impression that the courts of the Commonwealth of Kentucky are the exclusive jurisdiction for claims arising from the Contract. In reality, the full forum selection clause allows for proper venue "IN THE FEDERAL COURTS OF THE UNITED STATES OF AMERICA OR THE COURTS OF THE STATE OF KENTUCKY."[1]

3.      Regarding the declaratory judgment claim, Plaintiff affirmatively asserts: "Marlet-TN claims entitlement to damages of approximately $2,650,000 as a result of . . . alleged breaches of contract." *Id.* at ¶ 13. Kendall specifically seeks a declaratory judgment that he is not in breach of the Contract and that "Marlet-TN is not entitled to any damages from Kendall as a result of these alleged breaches." *Id.* at ¶ 15.

## II.     NOTICE OF REMOVAL IS TIMELY

4.      On May 4, 2018, a copy of the Complaint was served by the Kentucky Secretary of State on Cogency Global, Inc., the Defendants' registered agent. This Notice of Removal is filed before the expiration of 30 days after the date the Defendants were served with a copy of the initial pleading setting forth a claim for relief upon which this action is based. *See* 28 U.S.C. § 1446(b).

5.      Accordingly, the Defendants' removal of this action is timely.

## III.    DIVERSITY OF CITIZENSHIP

6.      Removal of this case is warranted under 28 U.S.C. § 1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity of citizenship exists between the Plaintiff and the defendants.

---

[1] Of note, Marlet-TN filed a lawsuit against Plaintiff in the United States District Court for the Middle District of Tennessee (M.D. Tenn. Case No. 3:18-cv-00376) on April 16, 2018 arising out of the same Contract and transaction at the center of this dispute. Because Marlet-TN filed its lawsuit three days prior to this action, Marlet-TN intends to seek a transfer of this action to the Middle District of Tennessee so that the two related cases may be consolidated.

7. As alleged in the Complaint, Plaintiff is an individual residing in the Commonwealth of Kentucky. *See* Complaint, ¶ 1.

8. Marlet-TN is a corporation organized in the State of Tennessee with its principle place of business in Tennessee.

9. Marlet-GA is a corporation organized in the State of Georgia with its principle place of business in Tennessee.

10. Because there is no common state of residency between the Plaintiff and the Defendants, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(c).

### IV. AMOUNT IN CONTROVERSY

11. Plaintiff seeks a declaratory judgment that he is not in breach of the Contract and therefore not liable for damages in an amount of $2,650,000. "[W]here a party seeks a declaratory judgment, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.'" *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (quoting *Lodal, Inc. v. Home Ins. Co. of Illinois*, 156 F.3d 1230, *2 (6th Cir. 1998). "The value of a right can be measured by the losses the party will incur if its right is not protected." *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 783 (E.D. Ky. 2008) (citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

12. Here, Plaintiff is seeking a declaration that he is not liable for damages significantly greater than $75,000. Accordingly, the "consequences which may result from the litigation" exceed the jurisdictional amount in controversy requirement of $75,000. *See Freeland*, 632 F.3d at 253.

## V. NOTICE AND VENUE

13. The United States District Court for the Western District of Kentucky, Bowling Green Division is the Federal Court in the district and division of the Circuit Court of Warren County, Kentucky. No previous application has been made for the relief requested herein.

14. In compliance with 28 U.S.C. § 1446(a), a copy of all pleadings, process, orders and other papers served on Defendant are attached hereto as **Exhibit A**.

15. As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be given to Plaintiff. Additionally, Defendants will file a copy of this Notice of Removal with the Circuit Court of Warren County, Kentucky. A copy of the Notice of Removal to Federal Court is attached hereto as **Exhibit B**.

WHEREFORE Defendants Marlet-TN and Marlet-GA, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446 respectfully remove this action from the Circuit Court of Warren County, Kentucky to the United States District Court for the Western District of Kentucky, Bowling Green Division.

Dated: May 24, 2018.                                    Respectfully submitted,

By: */s/ James A. Haltom*
James A. Haltom (KY Bar No. 97592)
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
150 Fourth Avenue, North, Suite 1100
Nashville, TN 37219
Phone: (615) 664-5339
E-Mail: james.haltom@nelsonmullins.com
*Attorney for Marlet-TN and Marlet-GA*

## **CERTIFICATE OF SERVICE**

    I certify that the foregoing document has been served upon all counsel of record for the parties at interest in this cause by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope; or electronically through ECF to the attorneys of record as follows:

Tad T. Pardue
Ian A. Loos
Bell, Orr, Ayers & Mssoore, PSC
1010 College Street, P.O. Box 738
Bowling Green, KY 42102-0738
*Attorneys for Plaintiff*

This May 24, 2018.

                                                                                 */s/ James A. Haltom*
                                                                                 JAMES A. HALTOM